UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFRED BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6201 |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE | ) Judge Thomas M. Durkin |
| OFFICER CHARLES MAMMOSER, | ) |
| and ROBERT NOLAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff Alfred Berry sued defendants City of Chicago, Chicago police officer Charles Mammoser, and administrative law judge Robert Nolan for an allegedly unlawful stop and frisk of Berry conducted during an administrative hearing. Currently before the Court is Nolan's motion to dismiss Berry's claims against him under Fed. R. Civ. P. 12(b)(6). R. 14. For the following reasons, the Court grants Nolan's motion.

**Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *E.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give defendant "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

Nolan was an administrative law judge in the Department of Business Affairs and Consumer Protection for the City of Chicago. R. 1 ¶ 4. On March 14, 2017, Mammoser testified in a hearing before Nolan in a case titled *City of Chicago v. Green Dolphin*, 16 LR 163. *Id.* ¶¶ 6-7. Berry, the securities manager for Green Dolphin, testified after Massomer and allegedly directly impeached Mammoser. *Id.* ¶¶ 8-10. Berry alleges that he never carries a weapon and that he had no bulges around his waist or in his suit coat on the day of the hearing. *Id.* ¶¶ 11-12. Nevertheless, Massomer allegedly stopped and frisked Berry immediately after Berry's testimony. *Id.* ¶ 13.

2

At the next hearing in the case on March 24, 2017, Nolan stated on the record that he caused the unlawful stop and frisk of Berry because he believed Berry was carrying a gun. *Id.* ¶ 18. Nolan specifically stated:

> Before we start I have to make a statement for the record. I feel it necessary to do so. The last time we were here, Mr. Berry was about to testify. Had not testified yet. We took a break. I went down the hall to go to the bathroom. On my way back, I observed Mr. Berry standing. It appeared that his coat was open. I saw what appeared to be on the side what I believed to be a weapon. I came back into the premises. I talked to an assistant corporation counsel . . . [a]nd informed them of what I observed. I did that out of public safety of observing it. . . . It appears that maybe as a result of that, certain actions were taken. It appears that there was no weapon on the person. I humbly apologize to Mr. Berry . . . and further state that none of those observations or otherwise will be taken into consideration in my reviewing this file. I made no conversation with Officer – whatever his name, M-a-m-m-o-s-e-r, regarding that, but it was [what] I observed. It was like a brown thing on his side. That was all I observed.

R. 14-1 at 4-5.[1] Berry alleges that this statement was an attempt by Nolan "to cover up the unlawful conduct of Defendant Mammoser." R. 1 ¶ 18. Based on Nolan's statement, Green Dolphin's counsel withdrew a motion to re-call Mammoser as a witness. R. 14-1 at 3, 5.

On August 25, 2017, Berry filed this lawsuit. R. 1. The complaint alleges two claims under 42 U.S.C. § 1983 against Mammoser and Nolan: (1) a claim for illegal search and seizure in violation of the Fourth Amendment (Count I); and (2) a claim for conspiracy to deprive Berry of his constitutional rights (Count II). *Id.* ¶¶ 21-30.

---

[1] The Court takes judicial notice of this transcript because the hearing it transcribes is referred to in the complaint (R. 1 ¶ 18) and central to Berry's claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

3

Count III is an indemnification claim against the City of Chicago. *Id.* ¶¶ 21-33. In his response to Nolan's motion to dismiss, Berry concedes that Count I should be dismissed as to Nolan (R. 19 at 1 n.1), leaving only the conspiracy claim in Count II remaining against Nolan.

## Discussion

Nolan's motion to dismiss first argues that Nolan is entitled to absolute immunity as a quasi-judicial officer. "Absolute immunity is a powerful shield attaching primarily to judicial functions—not to the person or position. When a functional analysis of the responsibilities at issue reveals that they are judicial in nature, the actor is entitled to absolute immunity from damages no matter how erroneous the act or injurious the consequences." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016). The *Brunson* court explained that the

> functional analysis of the immunity issue is aided by the six factors characteristic of the judicial process . . . : (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Id.* at 711-12.

Although neither party delves into the specific nature of hearings before the Department of Business Affairs and Consumer Protection for the City of Chicago, it seems very likely that Nolan's responsibilities at issue in this case were judicial in nature. He made the statements that are alleged to be evidence of his participation in a conspiracy—*i.e.*, his statements that he saw what he believed to be a gun in

4

Berry's possession—on the record during a hearing in a case over which he was presiding. Based on that statement, counsel withdrew a previously filed motion. R. 14-1 at 3, 5. And Nolan allegedly saw what he believed to be a gun in Berry's possession during a break from a prior hearing in the same case. *Id.* at 4-5. These were official hearings with transcribed proceedings. *See id.* These facts support that Berry "dealt with [Nolan] in his judicial capacity," and Nolan is entitled to absolute immunity. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991) (case cited by Berry holding that judge had immunity for allegedly ordering officers to seize and bring plaintiff into his courtroom using excessive force; explaining that plaintiff, "who was called into the courtroom for purposes of a pending case, was dealing with Judge Mireles in the judge's judicial capacity").

Berry responds that "conspiring to cover up a constitutional violation is not a judicial function." R. 19 at 5. Although it is theoretically possible for Nolan to have acted outside his judicial function in conspiring with Mammoser, the complaint alleges no conversations or other facts supporting that Nolan did so. All the complaint alleges is that Nolan's "state[ment] on the record that he caused the unlawful stop and frisk" was part of "an attempt to cover up the unlawful conduct of Defendant Mammoser." R. 1 ¶ 18. Nor do the facts as pleaded make it plausible that any separate conversations between Nolan and Mammoser occurred; to the contrary, Nolan represented on the record that he did not speak with Mammoser.

In any event, even if Nolan somehow acted in a non-judicial capacity, the Court agrees with Nolan that the case still should be dismissed for failure to

5

plausibly plead a conspiracy. As explained above, "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). "[T]he height of the pleading requirement is relative to the circumstances"—higher when an "immunity" defense is at play—and "a bare allegation of conspiracy" is never "enough to survive a motion to dismiss." *Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009).

Berry fails to plead that any communications between Nolan and Mammoser took place or any other facts that allow the Court to draw a reasonable inference that they conspired with one another. To the contrary, as in *Cooney* (a case relied on by Berry), "[t]he complaint . . . is bereft of any suggestion, beyond a bare conclusion," that defendants "were leagued in a conspiracy." *Id.* at 971. "[V]ague" allegations accompanied by "mere suspicion that persons adverse to the plaintiff . . . joined a conspiracy against him" do not state a conspiracy claim. *Id.*

Because the Court finds that dismissal is appropriate on these bases, it does not reach Nolan's alternative arguments for dismissal based on lack of personal involvement and qualified immunity.

**Conclusion**

For these reasons, the Court grants Nolan's motion to dismiss (R. 14). The Court dismisses Count I against Nolan (which Berry agrees to dismiss) with prejudice, and Count II against Nolan without prejudice. If Berry believes he can cure the deficiencies identified in this opinion in his conspiracy claim in Count II

against Nolan, he may file a motion for leave to file an amended complaint on or before May 21, 2018. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies in the current complaint. Should Berry choose to file such a motion, Nolan should not respond unless ordered to do so by the Court.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: May 3, 2018